UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ISAAC RUBIN,

                               Plaintiff,

                              -against-

NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES,

                              Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4119 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Isaac Rubin brings this action pursuant to 42 U.S.C. § 1983 against the New York State Department of Motor Vehicles ("DMV"). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

      The basis for Plaintiff's claim is unclear from the face of the Complaint. (Docket Entry #1 ("Compl.").) The Complaint levels a variety of enigmatic accusations against the DMV. For example, Plaintiff states: "..For They have erected a Multitude of new offices and sent/d hither swarms of officers to harass the people & eat out of their substance!" (Compl. at 3 (so in original).) The closest Plaintiff comes to hinting at the nature of his claim is his statement that "the N.Y. State. Dept. Of Motor Vehicle, attempting to wrongfully suspended my *Valid* Florida License for 'failing to respond to a summons.'" (Compl. at 2 (so in original).)[1] Plaintiff quotes the texts of the Fourth, Fifth, Sixth, and Eighth Amendments, cites 42 U.S.C. § 1983, and further

---

[1]     As the pages of the Complaint are not numbered, the court refers to the page numbers assigned by the Electronic Case Filing System.

1

alleges that "Defendants, by their actions and/or omissions willfully and maliciously denied the plaintiff life, liberty and pursuit of happiness, without due process & without probable cause!" (Compl. at 1, 3-4.) Multiple exhibits are attached to the Complaint, including several documents from the DMV relating to traffic infractions in 2006 and 2008. Plaintiff seeks $5,000,000 in "compensatory, consequential and punitive damages," and asks this court to "[v]acate and [d]ismiss the State of New York's wrongful Order of Suspension." (Compl. at 4.)

## II. DISCUSSION

### A. Standard of Review

In reviewing the Complaint the court is mindful that Plaintiff is proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). However, pursuant to the in forma pauperis statute, the Court must dismiss a complaint, or any portion thereof, if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. The DMV is Immune from Suit under the Eleventh Amendment

Plaintiff's claims against the DMV are frivolous and must be dismissed because states and their agencies are immune from suit under the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits

against states, their agencies whether the Plaintiff seeks relief at law or in equity, absent the state's consent to suit or an express or statutory waiver of immunity. Id. at 99-102; Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). Since the DMV is a New York State agency and state agencies are protected under the Eleventh Amendment from claims for monetary and equitable relief, Plaintiff's claims are clearly meritless and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### C. The DMV is Not a "Person" within the Meaning of § 1983

Moreover, insofar as Plaintiff's claim is brought under 42 U.S.C. § 1983, Plaintiff has clearly failed to state a claim for which relief may be granted. Section 1983 provides a cause of action against "[e]very person" who, under color of state law, deprives a citizen of the United States of "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Supreme Court has determined, however, that states and state agencies are not "persons" subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-66 (1989). Accordingly, Plaintiff can allege no facts which would entitle him to the relief he seeks under § 1983, and his claim is clearly frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### III. CONCLUSION

For the reasons stated above, the court finds that the Defendant is immune from suit under the Eleventh Amendment and is not a person subject to suit under § 1983, the cause of action on which Plaintiff's claim relies. Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore, in forma pauperis status

is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
   September 23, 2010

NICHOLAS G. GARAUFIS
United States District Judge