UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ISAAC RUBIN,

                Plaintiff,

-against-

DAVID J. SWARTS[1] and NANCY A. NAPLES,
former Commissioners of the New York
State Department of Motor Vehicles,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4119 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Isaac Rubin ("Rubin") filed his first Complaint in this action ("Original Complaint" (Docket Entry # 1)) against the New York State Department of Motor Vehicles ("DMV") on September 7, 2010. By Memorandum and Order dated September 28, 2010, the Court dismissed the Original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Order (Docket Entry # 4).) Rubin subsequently sent the court a letter (Letter (Docket Entry # 5)) and a proposed Amended Complaint ("Amended Complaint" (Docket Entry # 6)) on October 15, 2010. These two documents contained a variety of attachments including a copy of the generic complaint form located on the website of the United States District Court for the Southern District of New York (Attachment (Docket Entry # 5-1) at 1-2),[2] as well as a political cartoon that features a pirate flag atop the New York State Capitol. (Amended Complaint at 5).[3] The court construes Rubin's letter and Amended Complaint as a motion for leave to amend the

---

[1] David J. Swarts, the former commissioner of the New York State Department of Motor Vehicles, is incorrectly identified as "D.J.Svartz" in Rubin's Complaint. (Amended Complaint at 1.)

[2] As the pages of the Complaint are not numbered, the court refers to the page numbers assigned by the Electronic Case Filing System.

[3] All of the exhibits that Rubin included in the Original Complaint were omitted from the Amended Complaint, which, aside from the named defendants, is otherwise almost identical to the Original Complaint. As such, the court will consider the two Complaints together in assessing Rubin's claims.

1

Complaint under Federal Rule of Civil Procedure 15. For the reasons set forth below, Rubin's motion is denied.

In reviewing Rubin's letter and Amended Complaint, the court is mindful that Rubin is proceeding pro se and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

I.  BACKGROUND

The basis for Rubin's claims is unclear from the face of his Complaint, which is comprised mostly of printouts of DMV documents relating to Rubin's traffic infractions from 2006 and 2008. Nevertheless, construing these documents liberally, Rubin appears to allege the following facts: In February 2008, after receiving a traffic ticket for improper cellular phone use in New York, Rubin pleaded not guilty, requested a hearing, and asked to be notified when the ticket was entered in the DMV's database of traffic ticket records. (Original Complaint at 10, 16-18.) Rubin alleges that no such notice was ever sent to him, that no hearing date was set, and that his plea of not guilty "which was on file was wrongfully unlawfully and illegally deleted" from the DMV's records. (Id. at 20.) Subsequently, the DMV placed an order of suspension on Rubin's otherwise valid Florida[4] driver's license for failing to answer traffic tickets and failing to pay the required fines and fees. (Id. at 10; Amended Complaint at 2.)

Rubin's Original Complaint named the DMV as the only defendant. (See Original Complaint at 1.) In his Original Complaint, Rubin quoted the text of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, cited 42 U.S.C. § 1983, and further alleged that

---

[4] Rubin is a resident of Florida with a summer address in Brooklyn, New York. (See Amended Complaint at 1.)

2

"Defendants, by their actions and/or omissions willfully and maliciously denied the plaintiff life, liberty and pursuit of happiness, without due process & without probable cause!" (Id. at 1, 3-4.) The court dismissed the Original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because the DMV is immune from suit under the Eleventh Amendment and because the DMV is not a "person" subject to suit in a §1983 claim. (See Docket Entry # 4 at 2-3.) To remedy this defect in the Original Complaint, Rubin now names two former commissioners of the DMV as defendants. (See Amended Complaint at 1.) As in the Original Complaint, Rubin seeks $5,000,000 in "compensatory, consequential and punitive damages" and asks the court to "[v]acate and [d]ismiss the State of New York's wrongful Order of Suspension." (Id. at 4.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with leave of the court, which the court should "freely give [] when justice so requires." If a liberal reading of a pro se litigant's complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d. Cir. 2000). However, a court may deny a motion for leave to amend a complaint when amendment would be futile. Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006) (citation omitted). Additionally, pursuant to the in forma pauperis statute, the court must dismiss a complaint, or any portion thereof, if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Rubin's Damages Claim

Rubin seeks $5,000,000 in "compensatory, consequential and punitive damages" from Defendants for depriving him of his constitutional rights. (Amended Complaint at 4.) "The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994). Read liberally, Rubin's Complaints assert that Defendants violated his Fourteenth Amendment right to due process when they unlawfully suspended his driver's license without providing him notice or holding a hearing. (See Original Complaint at 2, 20.) See generally McGuire v. City of N.Y., 142 Fed. Appx. 1, 4 (2d Cir. 2005) (finding that "[t]he law recognizes issued driver's licenses to constitute a property interest that cannot be suspended without the procedural due process protection of adequate notice") (citing Bell v. Burson, 402 U.S. 535, 539 (1971)).

A "[§] 1983 claim for damages against a state official can only be asserted against that official in his or her individual capacity" because a state official acting in his or her official capacity is not a "person" for purposes of § 1983. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Moreover, a suit against a state official in his or her official capacity is barred by the Eleventh Amendment. See Ying Jing Gan v. City of N.Y., 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); id. at 529-30 (finding that where the complaint does not clearly specify whether a suit is against a public official personally or in his or her official capacity, it is appropriate for a court to allow the case to proceed against the official in an individual capacity).

Accordingly, the court presumes that Rubin is suing Defendants only in their individual capacities.

To prevail on a § 1983 claim for damages against a state official acting in his or her individual capacity, a plaintiff must show that the official was personally involved in the alleged deprivation of the plaintiff's constitutional rights. Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991); Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir. 1973) ("[W]hen monetary damages are sought under § 1983, the general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required."). A state supervisory official's personal involvement in the alleged constitutional violation

> is not limited to direct participation by the supervisor in the challenged conduct, but may also be established by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates.

Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003) (citation omitted).

Rubin's § 1983 claim for damages fails because he has not asserted any personal involvement of the Defendants in the alleged deprivation of his due process of law. Instead, it appears that Rubin names the former commissioners of the DMV as defendants only to overcome the defect that the court found in his Original Complaint.[5] Because Rubin does not allege that the commissioners were personally involved in the deprivation of his rights and they are immune from suit for actions taken in their official capacities, Rubin's amended claim for monetary damages against them would be futile. See Tocker, 470 F.3d at 491.

---

[5] Although Rubin also names DMV employees "John Doe" and "Jane Doe" as defendants in his Amended Complaint (see Amended Complaint at 1), he fails to allege how these defendants were personally involved in violating his constitutional rights. Accordingly, Rubin's claims against these defendants also fail. See Dorsey v. Fisher, No. 9:09-CV-1011 (GLS) (DEP), 2010 U.S. Dist. LEXIS 49564, at *18-19 (N.D.N.Y. May 19, 2010) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."); id. at *38 ("A plaintiff asserting a claim under § 1983 must demonstrate that *each defendant* was personally involved in violating his or her constitutionally protected rights.").

5

## C. Rubin's Injunctive Relief Claim

Rubin further asks the court to "[v]acate and [d]ismiss the State of New York's wrongful Order of Suspension" because Defendants violated his due process rights when they suspended his driver's license without notice or a hearing. (Amended Complaint at 4.) Unlike Rubin's damages claim, this claim for prospective relief is not barred by the Eleventh Amendment. See Connecticut ex rel. Blumenthal v. Cahill, 217 F.3d 93, 101 (2d Cir. 2000) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State") (internal quotations marks and citation omitted); Huminski v. Corsones, 396 F.3d 53, 70 (2d Cir. 2004) ("[S]tate officials can be subject to suit in their official capacities for injunctive or other prospective relief."). Nevertheless, Rubin's amended claim for injunctive relief would be futile because New York law provides an adequate post-deprivation remedy.

"It is well established that many state-created privileges, such as a license to drive, are not to be taken away without that procedural due process required by the Fourteenth Amendment." Gudema v. Nassau County, 163 F.3d 717, 724 (2d Cir. 1998) (citation omitted). Generally, "the Due Process Clause requires that the state not deprive an individual of a significant liberty or property interest without affording notice and some opportunity to be heard prior to the deprivation." Id. However, "[a] deprivation of liberty or property through the conduct of a state employee whose acts are random and unauthorized [] does not constitute a procedural due process violation so long as the state provides a meaningful" post-deprivation remedy. Id. Thus, even if Rubin was not afforded adequate pre-deprivation process, his "due process claim for the deprivation of a property interest is not cognizable in [] federal district court if [the] state courts provide a remedy for the deprivation of that property interest." Gabris

v. N.Y. City Taxi & Limousine Comm'n, No. 05-CV-8083 (HB), 2005 U.S. Dist. LEXIS 23391, at *8 (S.D.N.Y. Oct. 6, 2005) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).

"Article 78 of the New York Civil Practice Law, an amalgam of the common law writs of certiorari to review, mandamus, and prohibition," Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 881 (2d Cir. 1996), "provides the mechanism for challenging a specific decision of a state [or municipal] administrative agency," Gabris, 2005 U.S. Dist. LEXIS 23391, at *8-9 (quoting Campo v. N.Y. City Employees' Ret. Sys., 843 F.2d 96, 101 (2d Cir. 1988)); see N.Y. C.P.L.R. §§ 7801 et seq. The opportunity to pursue an Article 78 proceeding in New York State Supreme Court "constitutes a wholly adequate post-deprivation hearing for due process purposes." Rothenberg v. Daus, No. 08 Civ. 567 (SHS) (RLE), 2010 U.S. Dist. LEXIS 105128, at *42 (S.D.N.Y. Sept. 8, 2010); Nnebe v. Daus, 665 F. Supp. 2d 311, 330 (S.D.N.Y. 2009) (citing Locurto v. Safir, 264 F.3d 154, 174 (2d Cir. 2001)). The proceeding "permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims." Gabris, 2005 U.S. Dist. LEXIS 23391, at *8 (quoting Locurto, 264 F.3d at 174). Accordingly, the proper forum for Rubin's claim that Defendants unlawfully suspended his driver's license without notice is an Article 78 proceeding in New York State Supreme Court. See Gudema, 163 F.3d at 725. Because Rubin could have initiated an Article 78 proceeding after the DMV suspended his license, he had a meaningful post-deprivation remedy and his constitutional due process rights were not violated. See id.[6]

---

[6] Although nothing in Rubin's Original or Amended Complaint suggests that he commenced an Article 78 proceeding, his failure to do so within the applicable statute of limitations "does not prevent this Court from taking into account the availability of such proceedings when determining whether he has been afforded due process." Rothenberg, 2010 U.S. Dist. LEXIS 105128, at *44 (citing Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984)).

## III. CONCLUSION

For the foregoing reasons, Rubin's Amended Complaint contains no valid claim for this court to adjudicate. Therefore, granting his motion for leave to amend his Complaint would be futile. Rubin's motion for leave to amend the Original Complaint is DENIED. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2011

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge